UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
MIRON PRODUCE INC.,

                      Plaintiff,

      - against -

KOSHER VILLAGE L.L.C., CARL GESTETNER,
AND YECHIEL HERZL,

                      Defendants.
-------------------------------------------------------------X

Case No.: 17-6815-BRM-DEA

### ORDER TO SHOW CAUSE WITH
### TEMPORARY RESTRAINTS AND WITHOUT NOTICE

THIS MATTER having come before the Court on the motion (the "TRO Motion") of Miron Produce Inc. ("Miron") seeking entry of an Order to Show Cause with Temporary Restraints and Without Notice; and the Court having reviewed the Complaint, the Memorandum of Law, the Declaration of Ervin (Yidel) Silber and the Attorney Certification submitted in support of the TRO Motion; and for good cause appearing;

IT IS on this 7th day of September 2017

FOUND that no service or notice of the TRO Motion upon defendants Kosher Village L.L.C. ("Kosher Village"), Carl Gestetner ("Gestetner") or Yechiel Herzl ("Herzl" and, together with Kosher Village and Gestetner, "Defendants") is necessary for the limited relief set forth in this Order; and it is hereby

ORDERED that the TRO Motion be and hereby is GRANTED to the limited extent set forth herein; and it is further

ORDERED that Defendants shall show cause before this Court on September 12, 2017 at 9:30 o'clock a.m./p.m. (the "Preliminary Injunction and the Court having found from the specific facts set forth in the above-mentioned materials that Plaintiff satisfied Federal Rule of Civil Procedure 65(b);

1

Hearing") why the Court should not issue an Order under Fed. R. Civ. P. 65(a) preliminarily enjoining the Defendants, their agents, officers, subsidiaries, assigns and financial institutions from alienating, dissipating, paying over, or assigning any assets of defendant Kosher Village, its subsidiaries or related companies, except for payment to Miron, until further order of this Court or until Defendants pay in good funds to Miron the amount of $195,586.99, plus interest, costs, and reasonable attorneys' fees in such amount to be approved by the Court, as well as granting the additional relief sought by Miron upon its Motion for a Preliminary Injunction (the "PI Motion"); and it is further

**ORDERED** that Defendants shall file and serve any papers in response to the PI Motion in advance of the Preliminary Injunction Hearing by September 11, 2017; and it is further

~~ORDERED that Miron shall file and serve any reply papers to any opposition in advance of the Preliminary Injunction Hearing by _____, 2017; and it is further~~

**ORDERED** that pending the Preliminary Injunction Hearing, Defendants, their agents, officers, subsidiaries, assigns, and financial institutions are hereby TEMPORARILY RESTRAINED AND ENJOINED pursuant to Fed. R. Civ. P. 65(b), from alienating, dissipating, paying over or assigning any assets of defendant KOSHER VILLAGE including, without limitation, its cash, accounts receivable, and those of its subsidiaries or related companies, except for payment to Miron, until further Order of this Court or until Defendants pay in good funds to Miron the sum of $195,586.99; and it is further

**ORDERED** that Defendants may move to dissolve or modify the temporary restraints contained in this Order on two (2) days advance notice to Miron and the Court; and it is further

**ORDERED** that no security or bond shall be required under Fed. R. Civ. P. 65(c) because it appears that Defendants presently hold at least $195,586.99 worth of Miron's assets or PACA trust property; and it is further

**ORDERED** that Miron shall serve one copy of this Order and all materials submitted in support of the TRO Motion and PI Motion, together with the Summons and Complaint in this action, upon Defendants by hand delivery ~~or overnight delivery service delivered~~ to Defendants at Kosher Village L.L.C.'s principal place of business located at 911 East County Line Road #108, Lakewood, New Jersey 08701 on or before September 8, 2017, and that such service shall constitute effective service of process of said documents as to all Defendants. Counsel shall file proof of service with the Court on September 8, 2017.

_____
HONORABLE
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF NEW JERSEY
Brian R. Martinotti, U.S.D.J.