UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
MIRON PRODUCE INC.,

                        Plaintiff,

- against -

KOSHER VILLAGE L.L.C., CARL GESTETNER,
AND YECHIEL HERZL,

                        Defendants.
------------------------------------------------------------X

Case No.: 17-cv-6815-BRM-DEA

## SETTLEMENT AGREEMENT

      This settlement agreement (this "Agreement") is entered into this 11th day of October 2017, by and among Miron Produce Inc. ("Miron"), Kosher Village L.L.C. ("Kosher Village"), Carl Gestetner ("Gestetner") and Yechiel Herzl ("Herzl" and, together with Gestetner, the "Individuals"). Kosher Village and the Individuals, are sometimes collectively referred to herein as "Defendants". Miron, together with Defendants, are sometimes referred to herein individually as a "Party" and collectively as the "Parties".

## RECITALS

      A.    On September 6, 2017 (the "Complaint Date"), Miron commenced the above-action (the "Action") under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA") against Defendants by filing a complaint (the "Complaint") and certain motions for injunctive relief (collectively, the "Motions" and, together with the Complaint, the "Pleadings").

      B.    On September 7, 2017, the Court issued an Order To Show Cause With Temporary Restraints And Without Notice [Docket No. 8] (the "TR Order"), which (i) scheduled a hearing on Miron's motion seeking issuance of preliminary injunction ("the Preliminary Injunction Hearing") for September 12, 2017, with Defendants' responses, if any, to be filed and served by September 11, 2017 (the "Response Deadline"), and (ii) ordered certain temporary restraints as set forth in the TR Order (the "Temporary Restraints").

      C.    Prior to the Complaint Date, between May 1, 2017 and August 3, 2017, Miron sold to Kosher Village wholesale quantities of produce that had been moved in interstate commerce having an agreed upon value of $195,586.99 on the terms agreed to between Miron and Kosher Village, and owing to Miron the principal amount of $195,586.99, plus accrued interest at the rate of 18% per annum and attorneys' fees (collectively, the "PACA Debt").

D.  Both Miron and Kosher Village are subject to PACA as "dealers".

E.  Miron timely preserved its statutory PACA trust rights for the PACA Debt.

F.  At all relevant times, the Individuals are and were officers of Kosher Village and were in a position of control over the PACA trust assets in Kosher Village's possession.

G.  Since the entry of the TR Order, the Parties, by, and through, their respective counsel, have engaged in good faith settlement discussions.

H.  On September 11, 2017, Defendants caused to be made an initial good faith payment to Miron in the amount of $30,000.00 towards satisfaction of the PACA Debt, and the parties moved for, and the Court entered, a stipulation and order (the "September 11, 2017 So Ordered Stipulation") [Docket No. 10], which, among other, (a) dissolved the TR Order and all Temporary Restraints imposed thereby, (b) adjourned the Preliminary Injunction Hearing and the Response Deadline, and (c) Defendants were ordered and agreed not to transfer or use, or cause any transfer or use of, any assets or property of Kosher Village outside of the ordinary course of business pending the Preliminary Injunction Hearing.

I.  On October 10, 2017, Defendants caused to be wired to Miron's attorney the amount of $100,000 in furtherance and partial satisfaction of the Settlement Sum (defined in Paragraph 4 below), with such funds to be held by Miron's attorney and not to be released to Miron until the Court So Orders this Agreement.

J.  Following extensive negotiations, and in order to avoid, among other things, the expense, inconvenience, distraction and uncertainty of litigation, the Parties have agreed to settle and resolve their disputes with respect to the PACA Debt on the terms and conditions set forth herein, and by this Agreement, it is the intention of the Parties that all matters in controversy among them in connection with, among other things, the Complaint, the Pleadings, and the PACA Debt, be settled and resolved without further delay, uncertainty, and continued expense, including any further proceedings before the Court, and the Parties have agreed upon the following terms and conditions.

**NOW, THEREFORE**, in consideration of the mutual covenants, undertakings and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.  <u>Incorporation of Recitals</u>.  The preceding recitals are incorporated herein and form a material part of this Agreement.

2.  <u>Approval of this Agreement</u>.  Upon full execution of this Agreement, counsel for Miron shall promptly submit this Agreement to the Court to be So Ordered.

3.  <u>Effectiveness of this Agreement; Effective Date</u>.  This Agreement shall become effective and binding on all Parties upon the Court So Ordering this Agreement (the "Effective Date").

4. <u>Settlement Sum; Installment Payment Terms</u>.  For full and final satisfaction of Miron's claims against Defendants, Defendants shall pay to Miron the total amount of $150,000.00 (the "Settlement Sum"). The Settlement Sum shall be remitted to Miron as follows: (i) an initial payment in the amount of $30,000.00, which amount has already been received by Miron in accordance with the September 11, 2017 So Ordered Stipulation; (ii) a payment in the amount of $100,000.00 already made by wire to Miron's attorney, which as set forth above, is being held pending the Court So Ordering this Agreement (the "Second Payment"); and (iii) $20,000.00 to be paid in ten weekly installments (each an "Installment"), each Installment being in the amount of $2,000.00, with the first Installment due on October 25, 2017, and continuing each successive Wednesday until paid in full. If any Installment shall be due on a federal or state holiday, such Installment shall be considered timely made for purposes of this Agreement so long as such Installment is made so as to be received by Miron on or before 3:00 PM on the first business day immediately thereafter. All Installments to be made pursuant to this Agreement shall be made by check or wire transfer payable to "Miron Produce Inc." and, if paid by check, shall be delivered to Miron's attorney at Bodner Law PLLC, 40 Cutter Mill Road, Suite # 301, Great Neck, New York 11021, attn: Jonathan Bodner, Esq.  All Installments shall be paid so as to be received by Miron's attorney on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE.  Miron hereby agrees to forbear from commencing any legal or other action against Defendants for the PACA Debt, so long as all Installments set forth hereunder are timely made to Miron and have cleared.  There shall be no pre-payment penalty for any or all Installments being paid prior to their due date. Upon the Court's So Ordering of this Agreement, the Second Payment shall be released for Miron's attorney to immediately disburse the funds to Miron as directed by Miron.

5. <u>Default in Payment</u>.  In the event Defendants default in making any one of the scheduled Installments as set forth in Paragraph 4 above, Miron shall have the right to send notice of such breach to the undersigned attorney for Defendants via email at david@steinmetzlawllc.com, which notice shall be deemed good and received at the time of delivery stamped on the electronic transmission (a "Default Notice"). Defendants shall have five (5) calendar days after the receipt of a Default Notice to cure any such default.  For clarification purposes only, if a Default Notice is sent on November 1, 2017, Defendants must cure such default on or before 3:00 p.m. EST on November 5, 2017. Notwithstanding the foregoing, Defendants right to cure any default in making any Installments as provided herein shall be limited to three (3) such occurrences, and this provision IS OF THE ESSENCE.  In the event that a default occurs because the funds necessary to honor any payment are unavailable or insufficient for any reason, Defendants curative payment shall include all charges assessed upon Miron or its attorney (as applicable) by any financial institution as a consequence of the unavailability of the required funds.  In the event that Miron fails to cure a default or defaults on four (4) or more Installments, Miron shall be entitled to recover the full amount of the PACA Debt, plus accrued interest at a rate of eighteen percent (18%) per annum and any additional attorneys' fees and costs incurred by Miron as a result of Defendants default, less any payments made and cleared to Miron or its attorney pursuant to this Agreement.

6. <u>Security for Payment</u>.   Contemporaneously with the execution and delivery of this Agreement, the Individuals shall each deliver an original, notarized confession of judgment in the forms annexed hereto as <u>Exhibit A</u> (each a "Confession of Judgment") to Miron's counsel at the address below.  It shall be deemed an incurable event of default under this Agreement if either of the Individuals shall fail to deliver to Miron's counsel an original, properly-executed Confession of Judgment within seven (7) days of the execution of this Agreement.  During the pendency of this Agreement, Miron's counsel shall hold the Confessions of Judgment in escrow conditioned on Defendants continuing to make the Installments timely as contemplated by this Agreement.  In the event Defendants default in any of their Installment obligations as set forth in this Agreement, and either (a) fail to timely cure or (b) are not permitted to cure in accordance with Paragraph 4 above, then the Confessions of Judgment may be released from escrow and Miron shall be entitled to commence an action in a court of competent jurisdiction for entry of judgment against the Individuals, jointly and severally, based on the Confessions of Judgment.  The amount of the judgment shall be the PACA Debt, plus any additional interest and attorneys' fees under this Agreement, less any payments made and cleared pursuant to this Agreement.  Other than for a breach of this Agreement by Miron, the Individuals hereby expressly waive any rights or defenses, including, but not limited to, waiver, laches, or other defenses based on the passage of time, which they would be able to assert in opposition to Miron's efforts to enter judgment against them based on the Confessions of Judgment, and further agree to timely execute any documents reasonably requested by Miron, and cooperate in good faith with Miron in connection with its efforts to enter judgment against them based on the Confessions of Judgment.  In the event Defendants pay the Settlement Sum in full, the Confessions of Judgment shall be rendered void and counsel for Miron shall destroy the Confessions of Judgment and confirm same to the Individuals by email to their attorney at david@steinmetzlawllc.com.  For the avoidance of doubt, nothing herein shall be construed as a waiver of Miron's right to seek recovery against Kosher Village upon an uncured default for any unpaid portion of the PACA Debt, as reduced by any payment made and cleared pursuant to this Agreement.

7. <u>Releases</u>.   Contemporaneously with the execution and delivery of this Agreement, the Parties shall execute mutual releases (the "Releases") in the form annexed hereto as <u>Exhibit B</u>, which Releases shall be held in escrow by Miron's attorney, and released to the respective Parties' or their attorneys, conditioned upon the Defendants satisfying their obligations set forth in Paragraph 4 of this Agreement.  In the event of a default which default is not cured or not able to be cured as set forth in Paragraph 4 above, all Releases shall become null and void in their entirety as to all Parties.

8. <u>No Waiver of Statutory Rights</u>.  The Parties' agreement to the Installments set forth in Paragraph 4 above is without prejudice to Miron's standing as a qualified creditor and beneficiary under the trust provisions of PACA and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3).  The original credit terms between the Parties are not intended to be modified, nor are they modified by this Agreement.  Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Miron to Defendants, nor as a waiver of Miron's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c) and Miron's rights under this Agreement are in addition to its rights under said trust.

9. <u>Dismissal of the Action</u>. Executed simultaneously herewith, and attached as Exhibit C hereto, is a stipulation of dismissal of the action (the "Stipulation"). The Stipulation shall be held in escrow by Plaintiff's counsel until such time as (a) Defendants have made all required Installments hereunder, **and** (b) all such Installments have cleared Miron or its attorney's bank as good funds. Within two (2) business days of the remittance and clearance of the final Installment due pursuant to Paragraph 4 above, counsel for Miron shall notify counsel for Defendants of same, and counsel for Plaintiff shall file the Stipulation on the Court's docket, and shall provide a copy by email to Defendants' counsel at david@steinmetzlawllc.com. The day the Dismissal is filed in accordance with the terms hereof shall be the "Dismissal Date".

10. <u>Consent to Jurisdiction</u>. Any action or proceeding relating in any way to this Agreement or the Pleadings shall be brought in State or Federal Courts in New Jersey and the Parties hereby irrevocably submit to the jurisdiction of said Courts for all purposes, including the entry of judgment based on the Confessions of Judgment.

11. <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, representatives, heirs, executors, administrators, trustees and receivers, as the case may be.

12. <u>Amendments and Modifications</u>. This Agreement may not be amended or modified in any respect except by another instrument in writing executed by the Parties hereto, and no waiver of any provision contained in this Agreement, or any future representation, promise or condition regarding the subject matter of this Agreement, shall be binding upon any Party unless made in writing and signed by such Party.

13. <u>Due Authorization</u>. Each Party represents to the others that its execution, delivery and performance of this Agreement are within the power and authority of such party and have been duly authorized by such Party. The Parties represent that they have not assigned or otherwise transferred to any other person or entity any such rights and interest in the claims set forth herein, or in any of the Pleadings.

14. <u>Parties Represented by Counsel</u>. Each Party acknowledges that he or it has read this Agreement, and that he or it is entering into the Agreement of his or its own free will and not as a result of any duress, coercion or undue influence. Each Party acknowledges having had the opportunity to discuss this Agreement with their respective attorneys, and that they have availed themselves of that opportunity, to the extent they have desired to do so. Each Party represents and warrants he or it is fully aware of this Agreement's contents and legal effect. Moreover, each Party acknowledges that he or it is receiving valuable and adequate consideration under this Agreement for the promises and covenants made hereby.

15. <u>Attorneys' Fees and Costs</u>. Each Party will bear its own attorneys' fees and costs incurred in connection with the negotiation and preparation of this Agreement. In any litigation by which any Party seeks to enforce its rights under this Agreement or seeks a declaration of rights under this Agreement, the prevailing Party or Parties will be awarded its or their reasonable attorneys' fees, costs and expenses incurred as against the non-prevailing Party or Parties.

16. <u>Construction</u>. This Agreement has been fully and freely negotiated by the Parties, and this Agreement shall be considered as having been drafted jointly by the Parties, and shall be interpreted and construed as if so drafted, without construction in favor of or against any Party on account of its participation in the drafting of this Agreement.

17. <u>Counterparts; Effectiveness</u>. This Agreement and any Exhibit hereto may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when counterparts have been signed by each Party and delivered to each other Party. In the event that any signature is delivered by facsimile transmission or by electronic means, such signature page shall create a valid and binding obligation of the Party executing (or on whose behalf such signature is executed) with the same force and effect as if such signature page were an original thereof.

18. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without regard to the conflicts of laws rules thereof.

19. <u>Complete Agreement</u>. This Agreement represents the complete agreement of the Parties with respect to the subject matter thereof and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral. All prior and contemporaneous discussions and negotiations have been and are merged into, and are superseded by, this Agreement. This Agreement is an integrated document.

20. <u>Headings</u>. The headings in this Agreement are solely for the convenience of the Parties and cannot be used to interpret this Agreement.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK
WITH SIGNATURE PAGE TO FOLLOW]*

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT

**IN WITNESS WHEREOF**, this Agreement has been duly executed and delivered as of the date first written above.

STEINMETZ LLC

By: _____
David C. Steinmetz, Esq.
483 Oak Glen Road
2nd Floor
Howell, New Jersey 07731
(T) (732) 666-9961
*Attorney for Defendants*

BODNER LAW PLLC

By: _____
Jonathan S. Bodner, Esq.
40 Cutter Mill Road
Suite #301
Great Neck, New York 11021
(T) (516) 444-3923
*Attorney for Miron Produce Inc.*

**Kosher Village L.L.C.**

By: _____
Name: Carl Gestetner, *An Officer Thereof*

By: _____
Carl Gestetner, *Individually*

By: _____
Yechiel Herzl, *Individually*

**Miron Produce Inc.**

By: _____
Ervin Silber, *Vice President*

IT IS SO ORDERED:


_____
HONORABLE BRIAN R. MARTINOTTI, U.S.D.J.
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF NEW JERSEY

7

## SIGNATURE PAGE TO SETTLEMENT AGREEMENT

**IN WITNESS WHEREOF,** this Agreement has been duly executed and delivered as of the date first written above.

STEINMETZ LLC

By:_____
    David C. Steinmetz, Esq.
    483 Oak Glen Road
    2nd Floor
    Howell, New Jersey 07731
    (T) (732) 666-9961
    *Attorney for Defendants*

BODNER LAW PLLC

By: _/s/ Jonathan S. Bodner_____
    Jonathan S. Bodner, Esq.
    40 Cutter Mill Road
    Suite #301
    Great Neck, New York 11021
    (T) (516) 444-3923
    *Attorney for Miron Produce Inc.*

**Kosher Village L.L.C.**

By: _____
Name: Carl Gestetner, *An Officer Thereof*

**Miron Produce Inc.**

By: _/s/ Ervin Silber_____
    Ervin Silber, *Vice President*

By: _____
    Carl Gestetner, *Individually*

By: _____
    Yechiel Herzl, *Individually*

IT IS SO ORDERED:

_____
HONORABLE BRIAN R. MARTINOTTI, U.S.D.J.
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF NEW JERSEY

**EXHIBIT A**

## AFFIDAVIT OF CONFESSION OF JUDGMENT

**STATE OF NEW JERSEY**      }
                             } ss.:
**COUNTY OF OCEAN**          }

**CARL GESTETNER**, being duly sword, deposes and says:

1.  I am an officer of Kosher Village L.L.C. ("Kosher Village"), debtor of Miron Produce Inc. ("Miron") under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq* ("PACA"), in the amount of $195,586.99, plus accrued interest at the rate of 18% per annum, and attorneys' fees (the "PACA Debt"). I am fully familiar with the facts and circumstances set forth herein and have personal knowledge thereof.

2.  I reside at 1166 Buckwald Court, Lakewood, New Jersey 08701, which is located in Ocean County, New Jersey.

3.  Judgment may be entered against me by Miron pursuant to this affidavit in any county in the State of New Jersey or in the United States District Court for the District of New Jersey pursuant to the contemporaneous settlement agreement entered into by and among Miron, myself, Yechiel Herzl and Kosher Village (the "Agreement").

4.  I have not been known by any other names, or alternate spellings thereof, in the last ten (10) years except Carl Gestetner.

5.  I hereby confess judgment herein and authorize the entry thereof against me in the full amount of the PACA Debt, less any payments made and cleared as good funds by any of me, Yechiel Herzl or Kosher Village pursuant to the Agreement, plus post-judgment interest and reasonable attorneys' fees as applicable and permitted by law. The amount confessed herein is due and does not exceed my liability to Miron.

- 1 -

6. This confession of judgment is for a debt justly due Miron arising in connection with the receipt of produce by Kosher Village for which I have liability pursuant to 7 U.S.C. § 499e(c).

7. By executing this Confession of Judgment, I acknowledge that I have had an opportunity to discuss this Confession of Judgment with an attorney, and that I have availed myself of that opportunity to the extent I desired to do so, and I have read this Confession of Judgment and am satisfied that I understand its contents.

_____
**CARL GESTETNER**

Sworn to before me this
_____ day of October 2017

_____
Notary Public

## AFFIDAVIT OF CONFESSION OF JUDGMENT

**STATE OF NEW JERSEY**       }
                              } ss.:
**COUNTY OF OCEAN**           }

      **YECHIEL HERZL** being duly sword, deposes and says:

1. I am an officer of Kosher Village L.L.C. ("Kosher Village"), debtor of Miron Produce Inc. ("Miron") under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq* ("PACA"), in the amount of $195,586.99, plus accrued interest at the rate of 18% per annum, and attorneys' fees (the "PACA Debt"). I am fully familiar with the facts and circumstances set forth herein and have personal knowledge thereof.

2. I reside at 32 Arizona Avenue, Jackson, New Jersey 08527, which is located in Ocean County, New Jersey.

3. Judgment may be entered against me by Miron pursuant to this affidavit in any county in the State of New Jersey or in the United States District Court for the District of New Jersey pursuant to the contemporaneous agreement entered into by, between and among Miron, myself, Carl Gestetner and Kosher Village (the "Agreement").

4. I have not been known by any other names, or alternate spellings thereof, in the last ten (10) years except Yechiel Herzl.

5. I hereby confess judgment herein and authorize the entry thereof against me in the full amount of the PACA Debt, less any payments made and cleared as good funds by me, Carl Gestetner or Kosher Village pursuant to the Agreement, plus post-judgment interest and reasonable attorneys' fees as applicable and permitted by law. The amount confessed herein is due and does not exceed my liability to Miron.

- 2 -

6. This confession of judgment is for a debt justly due Miron arising in connection with the receipt of produce by Kosher Village for which I have liability pursuant to 7 U.S.C. § 499e(c).

7. By executing this Confession of Judgment, I acknowledge that I have had an opportunity to discuss this Confession of Judgment with an attorney, and that I have availed myself of that opportunity to the extent I desired to do so, and I have read this Confession of Judgment and am satisfied that I understand its contents.

_____
**YECHIEL HERZL**

Sworn to before me this
_____ day of October 2017

_____
Notary Public

**EXHIBIT B**

## MUTUAL RELEASE

**This release (the "Release")** is entered into by and among Miron Produce Inc. ("Miron"), Kosher Village L.L.C. ("Kosher Village"), Carl Gestetner and Yechiel Herzl (collectively, the "Individuals" and, together with Kosher Village and Miron, the "Parties") this 11th day of October 2017, in connection with the settlement agreement entered into by the Parties of even date to which these releases are attached (the "Agreement").

In consideration of the mutual promises contained herein, as well as in the Agreement, the complete satisfaction of the dispute between Miron on the one hand and Kosher Village and the Individuals on the other (the "Dispute"), and the exchange of other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

**Miron's Release to Kosher Village and the Individuals**. On the Dismissal Date,[1] Miron for itself, as well as its respective officers, directors, shareholders, members, managers, employees, agents, attorneys, affiliates, successors and assigns (the "Miron Releasors") hereby fully and irrevocably release Kosher Village, as well as its agents, attorneys, officers, directors, members, managers, employees, affiliates, successors and assigns (collectively, the "Kosher Village Releasees") and the Individuals, as well as their attorneys, heirs, executors, administrators, agents, successors and assigns (collectively, the "Individual Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which the Miron Releasors ever had, or have, or hereafter can, shall or may have against the Kosher Village Releasees and the Individual Releasees, for, upon, or by reason of any matter, cause or thing

---

[1] All capitalized terms not otherwise defined herein shall carry the same meaning ascribed to them in the Agreement.

- 1 -

whatsoever from the beginning of the world to the day of the date of this Release regarding the subject matter of the Dispute.

**Kosher Village and the Individuals Release to Miron.** On the Dismissal Date, the Individuals for themselves, as well as their agents, attorneys, heirs, executors, administrators, successors and assigns (the "Individual Releasors"), and Kosher Village, as well as its agents, attorneys, officers, directors, members, managers, employees, affiliates, successors and assigns (the "Kosher Village Releasors"), hereby fully and irrevocably release Miron, as well as its agents, attorneys, officers, directors, members, managers, employees, affiliates, successors and assigns (collectively, the "Miron Releasees") from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which the Individual Releasors and the Kosher Village Releasors ever had, or have, or hereafter can, shall or may have against the Miron Releasees, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release regarding the subject matter of the Dispute.

**Counterparts and Signatures**: This Release may be executed in counterparts. A facsimile or electronic copy of this Release shall constitute an original for all purposes.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK
WITH SIGNATURE PAGE TO FOLLOW]*

## SIGNATURE PAGE TO MUTUAL RELEASE

SEEN AND AGREED:

Dated:   October ___, 2017          Miron Produce Inc.

                                    By: _____
                                        Ervin Silber, *Vice President*


Dated:   October___, 2017           Kosher Village L.L.C.

                                    By: _____
                                        Carl Gestetner, *An Officer Thereof*

Dated:   October___, 2017

                                    By: _____
                                        Carl Gestetner, *Individually*

Dated:   October___, 2017

                                    By: _____
                                        Yechiel Herzl, *An Officer Thereof*

- 3 -

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
MIRON PRODUCE INC.,

                        Plaintiff,

    - against -

KOSHER VILLAGE L.L.C., CARL GESTETNER,
AND YECHIEL HERZL,

                        Defendants.
------------------------------------------------------------X

Case No.: 17-cv-6815-BRM-DEA

## **STIPULATION OF DISMISSAL**

Plaintiff Miron Produce Inc. and Defendants Kosher Village L.L.C., Carl Gestetner and Yechiel Herzel, each by their respective undersigned attorneys, hereby stipulate and agree that pursuant to Federal Rule of Civil Procedure 41(a)(1) the above-captioned action be dismissed with prejudice and without costs to any party.

DATED:  October ____, 2017

STEINMETZ LLC

By:_____
    David C. Steinmetz, Esq.
    483 Oak Glen Road
    2nd Floor
    Howell, New Jersey 07731
    (T) (732) 666-9961
    *Attorney for Defendants*
    *Kosher Village L.L.C.,*
    *Carl Gestetner and*
    *Yechiel Herzl*

BODNER LAW PLLC

By: _____
    Jonathan S. Bodner, Esq.
    40 Cutter Mill Road
    Suite #301
    Great Neck, New York 11021
    (T) (516) 444-3923
    *Attorney for Plaintiff*
    *Miron Produce Inc.*